UNITED STATES DISTRICT
COURT WESTERN DISTRICT OF
TEXAS AUSTIN DIVISION

| | |
|---|---|
| OCHUKO SYLVESTER ERUOTOR, § <br> Movant, § <br> § <br> v. § <br> § <br> § <br> UNITED STATES OF AMERICA, § <br> Respondent. § | CAUSE NO.  1:19-CA-074-SS <br> [1:16-CR-347(3)-SS] |

## GOVERNMENT'S RESPONSE TO MOVANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and the undersigned Assistant United States Attorney files this response to Petitioner OCHUKO SYLVESTER ERUOTOR's Motion to Vacate, Set Aside, or Correct the Sentence pursuant to Title 28, United States Code, Section 2255. An analysis of the entire record in this case establishes that the motion should be procedural denied in all respects.

## BACKGROUND

On December 7, 2016, Ochuko Sylvester ERUOTOR ("ERUOTOR") was indicted on 2 counts: one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956 and one count of fraud conspiracy in violation of 18 U.S.C. § 1349.  On August 10, 2017, ERUOTOR was arrested abroad and continuously remained in custody. On February 1, 2018, ERUOTOR pled guilty to Count One of the Indictment (Conspiracy to Commit Money Laundering), pursuant to a written sealed plea agreement. On February 7, 2018, the Court accept

1

ERUOTOR's plea of guilty, but reserved acceptance of the plea agreement until sentencing. The defense filed multiple objections to the PSR, to which the U.S. Probation Office responded. The Defense withdrew those objections at the sentencing hearing. On July 27, 2018, ERUOTOR was sentenced to 168 months incarceration, 3 years terms supervised released, restitution in total amount of $1,672,805.51, and special assessment of $100.00 which was ordered to pay to the court. No direct appeal was filed. On July 24, 2019, ERUOTOR filed a timely 2255 motion. ERUOTOR's attorney for the underlying criminal case, Russell D. Hunt ("HUNT"), wrote an affidavit responding to the claims made by ERUOTOR. That affidavit is attached to this filing.

## ISSUES PRESENTED

ERUOTOR claims ineffective assistance of counsel on six grounds in his 2255 motion. The first five grounds all involve a claim that defense counsel HUNT rendered prejudicially deficient performance in violation of MOVANT's Fifth and Sixth Amendment right to effective representation when counsel failed to vigorously challenge sentencing enhancements at the time of sentencing. Specifically, ERUOTOR claims his counsel was ineffective for: failing to object to the "Sophisticated Laundering Enhancement" recommended by the Probation Department and adopted by the District Court, failing to object to the "Aggregate Role Assignment"[1] recommended by the Probation Department and adopted by the District Court, failing to object to the "Adjustment for Role in the Offense" recommended by the Probation Department and adopted by the District Court, the failure to argue for petitioner's "Minor Role" in the Offense, and the failure to challenge the "Loss Amount Calculation" recommended by the

---

[1] Government is unclear what an "aggregate role assignment" is, but will consider that part of ERUOTOR's claims regarding his role in the offense.

2

Probation Department and adopted by the District Court.

Lastly the petitioner believes he was prejudiced by the cumulative errors of Counsel's deficient performance.

## **ARGUMENTS AND AUTHORITIES.**

**Legal Standard – 28 U.S.C. § 2255**

There are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been asserted on direct appeal, and, would, if condoned, result in a complete miscarriage of justice." *United States v. Merida*, 985 F.2d 198, 200 n.4 (5th Cir. 1993); *United States v. Smith*, 844 F.2d 203, 205–06 (5th Cir. 1988); *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). A district court's denial of a motion under 28 U.S.C. § 2255 is reviewed for clear error on questions of fact and *de novo* on questions of law. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

Although a movant may raise an ineffective assistance of counsel claim in his § 2255 motion, his collateral attack on a conviction "may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). Therefore, a movant who raises a constitutional or jurisdictional claim for the first time on collateral review, when those claims could have been

asserted on direct appeal, must show both cause for the procedural default and actual prejudice due to any such errors. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

**"Sophisticated Laundering Enhancement" claim.**

As noted in HUNT's affidavit, the court had already ruled upon the sophistication of the crime in previous codefendants' sentencing hearings. Probation evaluated the Defendant's objection for this sentencing guideline application and highlighted a number of factors under the Guidelines that would support the enhancement, including: a substantial part of the scheme was committed outside of the U.S.; coconspirators were regularly in the business of laundering funds over an extended period from multiple sources generating substantial revenue; coconspirators used fictitious identities to open bank accounts; and the money was moved from inside the U.S. to outside of the U.S.  As ERUOTOR agreed in his plea agreement:

> "Coconspirators made contact with the victims.  Those coconspirators were located inside and outside of Texas, including in Canada and the Defendant's home country of Nigeria. The scams perpetuated by the conspiracy included inheritance scams, romance scams, lottery scams, and investment scams, among others; all schemes designed to procure funds from innocent victims via false and fraudulent pretenses. The victims of those scams were given instructions during the scheme to deposit or wire funds to the accounts controlled by members of the conspiracy. Often, those accounts were opened up using fraudulent identification documents, including fake foreign passports in fake names…. Once the money was in the coconspirator's bank account, it would be quickly withdrawn by the coconspirator. The funds would then be wired to other U.S. bank accounts or hand delivered to coconspirators. From there, the money would be wired to accounts in Canada

or Nigeria that were controlled by coconspirators. The U.S. bank account holders would be paid a fee based on the amount of fraudulently obtained proceeds that flowed through accounts they controlled. Scam proceeds were sometimes used to purchase goods by coconspirators."

In addition, when HUNT spoke with ERUOTOR about the objection, ERUOTOR agreed to waive the objection at sentencing because it was destined to fail.  There is no merit to ERUOTOR's claim of ineffective assistance related to the sophisticated means Sentencing Guideline application.

**The "Aggregate Role Assignment," "Adjustment for Role in the Offense," and "Minor Role" in the Offense claim.**

ERUOTOR did not play a minor role in the offense, and the leadership enhance was properly applied. ERUOTOR entered the conspiracy based on his close relationship with the top two defendants in this case (EGORHO and EFEVWERHA). ERUOTR admitted to acting at their direction and to hiring another main player in the scheme. As ERUOTOR admitted in the factual basis in his plea agreement:

"ERUOTOR was hired by EGORHO and EJIRO to locate bank accounts in the United States that could receive fraudulent funds. ERUOTOR, EGORHO and EJIRO were all residing in Canada at the time. Those bank accounts included accounts located in Austin, Texas.  ERUOTOR also acted as a middle man and connected individuals in Nigeria and elsewhere who were looking for particular fraud-related services (such as someone who could provide bank accounts or provide a fake investment scheme) with individuals who could provide those services."

After HUNT discussed all that with ERUOTOR, ERUOTOR agreed to waive the leadership objection. Based on ERUOTOR's own admission in the plea agreement that he hired others and worked directly with the top two defendants in a multimillion dollar, multi-year, international money laundering and fraud conspiracy, the enhancement was appropriate. ERUOTOR's claims regarding his role in the offense should be denied.

**Loss Calculation**

ERUOTOR's final claim is that his counsel provided ineffective assistance by failing to object to the loss calculation. However, ERUOTR himself, in his plea agreement admitted the following:

> "During the time period that the Defendant was a member of the money laundering conspiracy, the amount of fraudulently obtained property laundered by the conspiracy that the Defendant was aware or should have been aware of exceeded $3,500,000. The Defendant hired others and knew that other members of the conspiracy were hiring others. He knew some of the details of the various fraud schemes used to obtain the funds."

At sentencing, ERUOTOR was held responsible for the exact losses he admitted to in his own plea. Therefore, ERUOTOR's claims regarding loss amount should be denied.

**Cumulative errors not valid.**

ERUOTOR's sixth claim about cumulative errors is not valid. "Our clear precedent indicates that ineffective assistance of counsel cannot be created from the accumulation of acceptable decisions and actions." United States v. Hall, 455 F. 3d 508, 520 (5th Cir. 2006) (citing Miller v. Johnson, 200 F. 3d 274, 286 n.6 (5th Cir. 2000) (without specific demonstrated

error, a defendant cannot, by definition, show that cumulative error of counsel deprived him of a fair trial); Yohey v. Collins, 985 F. 2d 222, 229 (5th Cir. 1993) (because certain alleged errors did not rise to constitutionally ineffective assistance of counsel, and because certain other claims were meritless, a petitioner had "presented nothing to cumulate").

## CONCLUSION

Wherefore all premises considered, the United States prays that for the foregoing reasons stated herein, this Court deny ERUOTOR's Petition to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255 and enter an Order dismissing his petition without a hearing.

Respectfully submitted,

JOHN F. BASH
UNITED STATES ATTORNEY

By:     */s/ Michael Galdo*
AUSA Michael Galdo

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2019, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System. I also hereby certify that a true and correct copy of the foregoing instrument was mailed via United States mail to the following non-CM/ECF participant:

**Ochuko Sylvester Eruotor**
#98555-380
Rivers Correctional Instiution
PO Box 630
Winton, NC 27986

*/s/ Michael Galdo*
AUSA MICHAEL GALDO

7

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| OCHUKO SYLVESTER ERUOTOR,<br>　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　Respondent. | §<br>§<br>§<br>§　CAUSE NO.  1:19-CA-074-SS<br>§　　　　　　　[1:16-CR-347(3)-SS]<br>§<br>§<br>§ |

## ORDER

Came on to be considered Eruotor's Motion to Vacate, Set Aside, or Correct Sentence pursuant to Title 28, United States Code, Section 2255, and the Court, having considered said motion and the response of the United States, hereby

IT IS ORDERED that  Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.

SIGNED on this the _____ day of _____ 2019.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　SAM SPARKS
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE